Claudio Juan Cachola **BILOG,**
Petitioner,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

No. 06–70761.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2008.

Filed June 27, 2008.

Emmanuel G. Guerrero, Esq., Honolulu, HI, for Petitioner.

District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Coun-

sel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

## MEMORANDUM *

■ Bilog raises two arguments in support of his contention that the BIA erred in determining him to be removable pursuant to 8 U.S.C. § 1227(a)(2)(E)(i). First, Bilog argues that his conviction under Hawaii Revised Statute (HRS) § 709–906 was not for a "crime of violence" within the meaning of 18 U.S.C. § 16(a). We do not have jurisdiction to consider this argument because it was not exhausted before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004). In order to exhaust an issue before the BIA, a petitioner must raise the issue in a manner sufficient "to put the BIA on notice" that he or she is challenging the IJ's determination. *Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir. 2004). "[A] general challenge to the IJ's decision is insufficient" to exhaust an issue before the BIA. *Id.* In order to exhaust an issue, "the petitioner must specify the issues appealed," thus giving the BIA "an opportunity to pass on [the] issue[s]." *Id.*

Here, Bilog did not argue to the BIA that he was challenging the IJ's determination that the conviction under HRS § 709–906 constituted a "crime of violence" within the meaning of 18 U.S.C. § 16(a).

To the contrary, in his brief to the BIA, Bilog focused instead on arguing that the IJ erred in concluding that Bilog's record of conviction established the requisite domestic relationship between Bilog and his victim. We accordingly conclude that the issue whether HRS § 709–906 constituted a crime of violence for purposes of 18 U.S.C. § 16(a) was not exhausted before BIA and we therefore do not have jurisdiction to consider it. *Id.*

■ Second, Bilog argues that his record of conviction contains no evidence establishing a qualifying domestic relationship between him and his victim. This argument also fails. A qualifying domestic relationship exists for purposes of 8 U.S.C. § 1227(a)(2)(E)(i) when the offense at issue was committed by "any ... individual against a person who is protected from that individual's acts under the domestic or family violence laws of the United States or any State." To determine the offense at issue in Bilog's case, we turn to Bilog's record of conviction, which includes the judgment and amended complaint. *See United States v. Vidal,* 504 F.3d 1072, 1087 (9th Cir.2007) (en banc). Bilog's judgment specifies that he was convicted of "Abuse of Family and Household member, in violation of Section 709–906 ... [p]er amended complaint filed 1/24/00." HRS § 709–906 punishes "[a]buse of family or household members" and is part of Hawaii's "domestic or family violence laws." *See* 8 U.S.C. § 1227(a)(2)(E)(i); *State v. Friedman,* 93 Hawai'i 63, 996 P.2d 268, 278–79 (2000). The language "[p]er amended complaint" in the judgment is functionally equivalent to "the critical phrase 'as charged in the Information,'" *Vidal,* 504 F.3d at 1087 (internal quotation marks omitted), and therefore we must read the judgment as

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

incorporating the language in Bilog's amended complaint charging him with "intentionally, knowingly or recklessly physically abus[ing] Merilyn Ignacio, a family or household member." Accordingly, this record of conviction demonstrates that there was a qualifying domestic relationship between Bilog and Ignacio for purposes of 8 U.S.C. § 1227(a)(2)(E)(i) because Bilog's offense was committed against a person protected from his actions by Hawaii's domestic violence statute.

**Dismissed in Part and Denied in Part.**